HIMMELBERGER-HARRISON LUMBER COMPANY, Appellant, v. J. W. DENEEN.

**Division Two, May 18, 1909.**

1. **PRACTICE: Order of Proof: Irregularity.** If the testimony was competent, the irregularity in permitting it to be introduced out of its regular order, is not reversible error. So, that where plaintiff, to establish title, relied upon a tax deed and adverse possession for ten years, and offered the tax deed in evidence, it was irregular but not reversible error to permit defendant to introduce testimony in support of his objections to the tax deed before plaintiff had closed his case.

2. **SHERIFF'S NON EST RETURN: Before Next Term: Order of Publication.** A *non est* return by the sheriff before the first day of the return term affords no basis for an order of publication. So that where the writ of summons was dated May 29th and made returnable on the second Monday in September, but was returned *non est* on June 12th, the court had no jurisdiction to make an order reciting, "It appearing to the satisfaction of the court that the defendant herein cannot be served with summons, it is ordered by the court that publication be made notifying defendant that an action has been commenced against him," etc.; and a judgment against defendant for taxes and a sale thereunder and a sheriff's deed in pursuance thereof conveyed no title to the purchaser. It was the sheriff's duty to retain said writ until the return day as fixed by law, and the court had no authority to order publication unless the writ was so retained.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Oliver & Oliver* and *Wammack & Welborn* for appellant.

The trial court erred in hearing testimony on the respondent's objection to the introduction of the sheriff's deed before the appellant had closed its testimony. This practice is confusing and has been criticised by this court. Wheeler v. Reynolds Land Co., 193 Mo. 288.

*C. L. Keaton* and *Houck & Houck* for respondent.

The court did not err in hearing the evidence to prove that the tax title from the common source, J. W. Deneen, was absolutely void, immediately upon its being offered as a sole foundation and base on which appellant's title rested. It was a matter in the discretion of the court and "the plaintiff suffered no injury by this course; the chain of title under which he claimed was really ended with the void tax deed." The receiving of the evidence of defendant out of its order did not affect the merits of plaintiff's case. Wheeler v. Reynolds Land Co., 193 Mo. 279.

FOX, J.—This action was commenced in the circuit court of Stoddard county, on the 13th day of January, 1905, under the provisions of section 650, Revised Statutes 1899. It was sought by this action to ascertain and determine the title between the respective parties to this suit to three hundred and twenty acres of land, described as follows: The south half of section 23, township 27, range 12 east, situate in Stoddard county, Missouri.

The petition alleged that the plaintiff was the owner of the land in controversy, and further alleged that the plaintiff and its grantors had been in the actual, open, notorious, hostile, continuous, adverse possession under a bona fide claim of title for more than ten years prior to the institution of this suit.

The defendant answered, admitting that he made claim to the land, and asserted ownership in fee therein, and denied all other allegations in the petition.

Upon the trial in the court below it was agreed that J. W. Deneen, the defendant in this cause, was the record owner of this land on March 5, 1886, and that the deed recorded in the recorder's office of Stoddard county, Missouri, recited his residence or location as in Gentry county, Missouri.

Appellant in this cause claims title to the land in controversy upon three grounds: First, upon a sheriff's deed under tax judgment and special execution, dated September 16, 1891, and recorded in the land records of Stoddard county, Missouri, in record book 2, page 18, and by mesne conveyances from the purchaser under the tax deed to the plaintiff in this cause. Second, adverse possession for ten years by the appellant. Third, *laches* and estoppel on the part of the respondent.

When the plaintiff offered in evidence the sheriff's deed under the tax judgment, the defendant interposed an objection to such deed for the following reasons: ''Because the court had no jurisdiction to render judgment, and there was a summons sent out dated the 29th day of May, 1890, returnable to the second Monday in September, 1890, and the sheriff returned it on the 12th day of June following, which is 88 days before the return day of the writ.''

In support of this objection the defendant was permitted, over the objection of the plaintiff, to offer the following testimony: (a) The original petition for back taxes filed February 7, 1890. (b) The summons that was issued by the clerk of the Stoddard County Circuit Court, directed to the sheriff of Gentry County, Missouri, dated May 29, 1890, and made returnable to the second Monday in September, 1890, with the following endorsements thereon:

"SHERIFF'S RETURN: Executed the within writ in the county of Gentry, on the 12th day of June, 1890, by searching for within named J. W. Deneen and (he) not being found in this county. W. S. Jennings, sheriff of Gentry county, Mo." And in the handwriting of the sheriff of Gentry county the following endorsement was made and written on said summons: "I can not find anyone that ever knew this man in this county."

(c) Next, an entry in the circuit court record of Stoddard county, Missouri, made on Saturday, November 22, 1890, it being the 12th day of the September term, 1890, of said circuit court, as the same appears in record book "N" page 263. Said entry recites that: "It appearing to the satisfaction of the court that the defendant herein can not be served with summons, it is ordered by the court that publication be made notifying the defendant that an action has been commenced against him," etc., using the appropriate and usual language used in making an order of publication in term time. (d) Next, the publication itself and the affidavit of the publisher showing the weeks in which the notice appeared in its paper, and the proof of publication.

This was all the testimony offered by the defendant in support of his objection to the introduction of the deed. Thereupon the appellant moved the court to strike out all the testimony offered by respondent in support of his objection. Which motion was by the court overruled, and the appellant duly excepted to the court's action at the time. And the court then sustained the respondent's objection to the introduction of the sheriff's deed and excluding said deed. The appellant excepted to the ruling of the court in sustaining said objection.

The sheriff's deed thus excluded by the court is in the usual form of sheriff's deeds, under special execution for delinquent taxes. It makes all the essential

recitals required by the statute and correctly describes the property sold. This deed was filed for record in the recorder's office of Stoddard county, Missouri on October 2, 1891, and is recorded in book 2, page 18.

There was other oral testimony offered by the plaintiff in support of the allegations of adverse possession by the plaintiff and its grantors and *laches* and negligence on the part of the defendant.

This is a sufficient indication of the nature and character of the disclosures of the record upon which this cause was submitted to the court. At the close of the evidence the cause was submitted to the court and its finding of the issues was in favor of the defendant, and judgment and decree was accordingly entered in pursuance of such finding.

A timely motion for new trial was filed and by the court overruled and from the judgment and decree rendered in this cause the plaintiff prosecuted its appeal to this court, and the record is now before us for consideration.

## OPINION.

It is apparent from the record in this cause that the leading and controlling propositions presented for our consideration are substantially the same as were involved in the case of this same plaintiff against Squire L. McCabe and John M. Sallee. In fact an examination of the briefs of learned counsel discloses the presentation of the same questions, and the authorities cited in the briefs, as well as the discussion of the legal propositions, are along the same lines followed in the McCabe-Sallee case. However, there is one additional point made in the case at bar to those presented in the case heretofore referred to, that is, that the trial court committed error in hearing testimony on the respondent's objection to the introduc-

tion of the sheriff's deed before the appellant had closed its testimony.

It is sufficient to say upon that question that while it would have been more appropriate to have allowed the plaintiff to have closed its case before the introduction of the testimony which sought to impeach the force and validity of the tax deed, yet the introduction of it out of the regular order does not constitute such error as would warrant this court in reversing the judgment. As was said in Wheeler v. Reynolds Land Company, 193 Mo. 279, the testimony was competent, the only error in receiving it was in allowing it to come in out of the proper order, and this court, in further treating of that question, said: "The order in which proof is allowed to be introduced, however, is to a great degree within the discretion of the trial court, and where upon the whole record it appears that no material wrong was done, the judgment will not be disturbed for irregularity allowed in the order of proof."

Manifestly, the plaintiff in this case suffered no injury by reason of the introduction of the proof upon the objection to the tax deed out of the regular order. While it is true that the trial court should proceed along the well recognized rules applicable to the introduction of evidence, yet, as applicable to the case at bar, it certainly can make no difference as to when the testimony was introduced by which it was sought to impeach the force and validity of the deed. Whether it was introduced upon objection to the tax deed or at the close of the plaintiff's case, the legal proposition would still confront us as to the validity or invalidity of the tax deed.

As before stated, the controlling legal propositions involved in this case are identical with those presented in the case by this same plaintiff against Squire L. McMcCabe and John M. Sallee, in which case the opinion was announced at the present sitting

of this court. The question as to the validity of the order of publication based upon the return of the sheriff of Gentry county, as well as the other questions respecting the adverse possession by the plaintiff and the *laches* charged to the defendant, rest substantially upon the same state of facts as were involved in the McCabe case, hence it follows that what was said in that case is equally applicable to the disclosures of the record in the case at bar, and the conclusions reached therein must be held as decisive of the propositions disclosed by the record in this cause. It follows that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.